UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE GONZALO P. CURIEL)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WARREN VAN DAM (5), *et al.*,<br><br>Defendant. | Case No. 18-CR-5382-GPC<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL.**<br><br>**(ECF NO. 112.)** |

On May 1, 2020, Defendant Warren Van Dam filed a motion seeking to file a document under seal. (ECF No. 112.) Specifically, Defendant seeks to file "60 pages of documents produced in discovery in this case" as Exhibit E to his Motion to Dismiss the Indictment, also filed on May 1, 2020 as ECF No. 110. (*See* ECF No. 112-1 at ¶¶ 3, 4.) Defendant offers as a basis for filing the documents under seal that the Government has not stipulated to lifting a prior protective order so that Defendant could publicly file these documents. (*Id.* at ¶ 5; *see also* ECF Nos. 16, 59.)

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation omitted). This

presumption is rebutted where the documents are attached to a nondispositive motion, and the movant makes a particularized showing under the good cause standard for each document. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

However, "'once the [sealed discovery] documents are made part of a dispositive motion . . . they lose their status of being raw fruits of discovery,' and no longer enjoy protected status 'without some *overriding* interests in favor of keeping the discovery documents under seal.'" *Id.* at 1136 (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)) (emphasis added). Thus, if filed with a dispositive motion, the document will be sealed only for a "compelling reason." *Id.*

"Compelling reasons 'sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also United States v. Kott*, 135 F. App'x 69, 71 (9th Cir. 2005) (affirming a court's decision to unseal "search warrant materials and the indictment" under the common law right of access for lack of compelling reasons).

Here, the Parties do not make a particularized showing as to why there is a compelling reason to seal all 60 pages of the proposed document. At most, Defendant points to a prior protective order, to which the Parties have stipulated, and which governs the production and use of these documents. (ECF Nos. 16, 59.) However, "[n]either the parties' agreement that documents shall be filed under seal, nor a party designating documents as confidential, is sufficient to meet the good cause standard," much less the compelling reasons standard. *Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015); *see also Kamakana*, 447 F.3d at 1183 (finding that a non-party's "claimed reliance on the [protective] order is not a 'compelling reason' that rebuts the presumption of access.").

Consequently, the Court **DENIES** Defendant's motion to file the documents without prejudice and rejects the document at this time. The Court **GRANTS** the Parties leave to re-file the motion and better articulate why there are compelling reasons to seal the specific 60-pages now before the Court.

**IT IS SO ORDERED.**

Dated:  May 8, 2020

Hon. Gonzalo P. Curiel
United States District Judge